## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT T. CORE, | ) | |
| | ) | |
| Plaintiff, | ) | LEAD ACTION: 04-271(CKK) |
| | ) | |
| | ) | (Consolidated Action: 05-CV-01407 (CKK)) |
| | ) | |
| ROBERT S. MUELLER, III, | ) | ECF |
| in his official capacity as | ) | |
| Director of the United States | ) | |
| Federal Bureau of | ) | |
| Investigation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

(This Document Pertains to Civil Case No. 05-1407(CKK) (D.D.C.)

Defendant Robert S. Mueller, III, in his official capacity as Director of the United States Federal Bureau of Investigation ("FBI"), hereby answers the allegations of the complaint in this case as follows.

## PARTIES

1.      Defendant admits the allegations in Para. 1.

2.      The Defendant admits the allegations in the first sentence of Para. 2.  The Defendant denies the allegations in the second sentence of Para. 2.

## JURISDICTION

3.      This Paragraph consists of legal conclusions and, as such, does not require an answer.  To the extent that an answer is required, the allegations in Para. 3 are denied.

4.      The Defendant admits that the Headquarters of the FBI are located in the District of Columbia.  The remaining allegations set forth in this paragraph consist of legal conclusions

and, as such, do not require an answer. To the extent that an answer is required, the remaining allegations in this paragraph are denied.

<u>FACTS</u>

5.      The Defendant admits the allegations in Para. 5.

6.      The Defendant admits that the list of requisite qualifications identified in Para. 6 is a portion of the job posting for the CR-1, Asset Forfeiture Squad, Washington Field Office position ("CR-1 Position").

7.      The Defendant admits that the CR-1 Position was posted as stationary and that it did not include a requirement that the candidate be an attorney as alleged in the first sentence of Para. 7, but Defendant is unable to admit or deny the remaining allegations of the first sentence of Para. 7 as the term "posting entity" is undefined. The Defendant admits that some previous postings for the CR-1 Position had been non-stationary with a preferred qualification that the candidates possess a law degree, but denies that "all previous postings for the CR-1 Position had been non-stationary and included a preferred qualification that the candidate possess a law degree" as alleged in the second sentence of Para. 7. The Defendant denies that the result of the stationary position was that fewer applicants could apply as alleged in the third sentence of Para. 7. The defendant admits that Mr. Core has a law degree but denies the remaining allegations of the fourth sentence of Para. 7.

8.      The Defendant admits the allegations in Para. 8.

9.      The Defendant denies the allegations in Para. 9.

10.     The Defendant admits the allegations in the first sentence of Para. 10. The Defendant denies that Special Agent Lisa Miller was less qualified for the CR-1 Position.

11.     The Defendant admits the allegations in Para. 11.

12.    The Defendant admits the allegations in Para. 12.

13.    The Defendant denies the allegations in Para. 13.

14.    The Defendant admits the allegations in Para. 14.

15.    The Defendant admits the allegations in Para.15.

16.    The Defendant denies the allegations in Para. 16.

17.    The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Para. 17 and, therefore, denies them.

18.    The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Para. 18 and, therefore, denies them.

19.    The Defendant admits that the Plaintiff was assigned to work on the Bank of the House of Representatives case.  Except for the foregoing specific admission, the Defendant is without information or knowledge sufficient to admit or deny the allegations as to Plaintiff's exact duties and, therefore, denies the remaining allegations in Para. 19.

20.    The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Para. 20.

21.    The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Para. 21.

22.    The Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Para. 22.

23.    The Defendant admits the allegations in Para. 23.

24.    The Defendant denies the allegations set forth in the first two sentences of Para. 24.  The Defendant admits the allegations in the third sentence of Para. 24.

25.    The Defendant admits the allegations in the first sentence of Para. 25.  The Defendant denies the allegations set forth in the second sentence of Para. 25.

26.    The Defendant admits the allegations in the first sentence of Para. 26.  The Defendant denies the allegations in the second sentence of Para. 26.

27.    The Defendant denies the allegations in Para. 27.

28.    The Defendant admits the allegations in Para. 28.

29.    The Defendant admits the allegations in the first sentence of Para. 29.  As for the second sentence, the defendant only admits that ASAC Tuner stated that although the CR-1 Position had previously been filled by an attorney, qualification as an attorney was not a preference in the posting for the CR-1 Position, and denies the second part of the sentence in Para. 29.  The defendant denies the third sentence of Para. 29.

30.    The Defendant denies the allegations in the first and third sentences of Para. 30. As for the second sentence, the Defendant admits that SA Farmer's legal experience upon joining the squad was that she had graduated from law school and had clerked for a judge for three years with the Fourth Circuit Court of Appeals, in addition to attending New Agents Training at Quantico, Virginia and clerking for the presiding judge of the Superior Court of the Commonwealth of the Northern Mariana Islands.

31.    The Defendant admits that SA Farmer attended legal training conducted on April 12, 2004, but denies that ASAC Turner and Ms. Miller arranged it.  The Defendant admits the allegations in the second sentence of Para. 31.

32.    The defendant admits that SA Farmer performed probable cause reviews, previously performed by some supervisors and denies that SA Farmer performed "duties" that

traditionally had been performed by the squad's Supervisor and denies the remainder of the allegations set forth in this paragraph.

33.     The Defendant admits the allegations in Para. 33.

34.     The Defendant denies the allegations the first, second, third, and fourth sentences in Para. 34.  Defendant admits the allegations in the fifth sentence of Para. 34.

PROCEDURAL STATUS

35.     The Defendant admits the allegations in Para. 35.

36.     The Defendant admits the allegations in Para. 36.

37.     The Defendant admits the allegations in Para. 37.

38.     The Defendant admits the allegations in Para. 38.

COUNT I

(Violation of the Age Discrimination in Employment Act)

39.     The Defendant repeats and re-avers his responses to Paragraphs 1 through 38 as though fully set forth herein.

40.     This Paragraph consists of legal conclusions and, as such, does not require an answer.  To the extent that an answer is required, the allegations in Para. 40 are denied.

41.     The Defendant admits the allegations in Para. 41.

42.     The Defendant admits the allegations in Para. 42.

43.     The Defendant admits the allegations in Para. 43.

44.     The Defendant denies the allegations in Para. 44.

45.     The Defendant denies the allegations in Para. 45

46.     The Defendant denies the allegations in Para. 45.

47.     The Defendant denies that the Plaintiff was subjected to discrimination.

COUNT 2

<u>(Violation of Title VII of the Civil Rights Act of 1964)</u>

48.     The Defendant repeats and re-avers his responses to Paragraphs 1 through 47 as though fully set forth herein.

49.     This paragraph consists of legal conclusions and, as such, does not require an answer.  To the extent that an answer is required, the allegations in Para. 49 are denied.

50.     The Defendant admits the allegations in Para. 50.

51.     The Defendant admits the allegations in Para. 50.

52.     The Defendant denies the allegations in Para. 52.

53.     The Defendant denies the allegations in Para. 53.

54.     The Defendant denies the allegations in Para. 54.

55.     The Defendant denies that the Plaintiff was subjected to discrimination.

To the extent a response is necessary, the Defendant denies that Plaintiff is entitled to the relief set forth in Plaintiff's "Prayer for Relief."

**<u>AFFIRMATIVE DEFENSES</u>**

**<u>FIRST DEFENSE</u>**

The Court lacks subject matter jurisdiction over the Complaint or a portion thereof.

**<u>SECOND DEFENSE</u>**

The Complaint or a portion thereof is barred by the applicable limitations period.

**<u>THIRD DEFENSE</u>**

The Plaintiff has not properly exhausted his administrative remedies.

## **FOURTH DEFENSE**

The Complaint or a portion thereof fails to state a claim upon which relief may be granted.

Defendant expressly denies all allegations to which no specific response has been made.

WHEREFORE, having fully answered, the Defendant respectfully requests that this

action be dismissed with prejudice and that defendants be granted such other relief as the Court

deems appropriate.

Dated: October 11, 2005.                          Respectfully Submitted,

                                                  _____ /s/ _____
                                                  KENNETH L. WAINSTEIN, D.C. BAR #451058
                                                  United States Attorney

                                                  _____ /s/ _____
                                                  R. CRAIG LAWRENCE, D.C. BAR #171538
                                                  Assistant United States Attorney

                                                  _____ /s/ _____
                                                  JOHN C. TRUONG, D.C. BAR #465901
                                                  Assistant United States Attorney
                                                  555 Fourth Street, N.W.
                                                  Washington, D.C.  20530
                                                  (202) 307-0406

                                                  Counsel for Defendant.