UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ROBERT T. CORE,                     )
                                    )
            Plaintiff,              )
                                    )
        v.                          )   Case No: 04-271(CKK)
                                    )   and
FEDERAL BUREAU OF                   )   Case No: 05-1407(CKK)
INVESTIGATION,                      )
                                    )
            Defendant.              )
                                    )
```

SETTLEMENT AGREEMENT AND DISMISSAL

THIS SETTLEMENT AGREEMENT AND DISMISSAL (hereinafter the "Agreement") is made and entered into by and between Robert T. Core (hereinafter the "Employee") and the Federal Bureau of Investigation (hereinafter the "Employer").

BACKGROUND

Employee has brought Civil Actions 04-271(CKK) and 05-1407(CKK) (the "Instant Complaints") against Employer for violating Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA") The Employer has denied the allegations made by the Employee. The purpose of this Agreement is to settle these Instant

-1-

Complaints and set forth the parties' respective rights and obligations.

## AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the following mutual promises, covenants and undertakings, the parties agree as follows:

1. <u>Monetary and Other Consideration</u>. Employer will provide Employee the following compensation terms:

   a. Employee's pay grade will be adjusted to reflect an increase from GS-13, Step 10 to GS-14, Step 5, retroactively to June 1, 2006, one year prior to Employee's retirement on May 31, 2007;

   b. Employee agrees to retire on May 31, 2007, and will not seek an extension of employment beyond this date;

   c. Employer agrees that Employee's new pay grade will be used for purposes of determining Employee's retirement entitlement.

   d. Employer will compensate Employee for backpay to June 1, 2006, based on the adjustment to GS-14, Step 5. The backpay amount shall be reduced by the following:

-2-

      i. 7.5% will be deducted and placed in Employee's Civil Servant Retirement Annuity, with Employer's matching 7.5% contribution;

      ii. 9% will be deducted and placed in Employee's Thrift Savings Plan Account, as determined by Employee's voluntary deduction; and

      iii. all requisite amounts for all applicable state and federal taxes.

    e. Employer will pay Employee a total sum of One Thousand Dollars ($1,000.00).

Items 1(a) through 1(e) are understood and agreed to represent full payment in full satisfaction of all of Employee's claims in the Instant Complaints, including any other damages available to Employee under his civil actions or administrative claims. The payment in Items 1(a) through 1(e) are inclusive of all attorney's fees and costs and the Employee agrees not to assert any claim whatsoever for attorney's fees or costs. The payments in Items 1(a) through 1(e) that intended for the Employee shall be made by electronic transfer to the account currently utilized by the Employer to pay the Employee's salary. Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department

of Justice and the U.S. Department of the Treasury, after the dismissal of the Instant Complaints.

  2. <u>Covenants and Breach</u>.  In consideration of the foregoing, Employee covenants, promises and agrees as follows:

   i. <u>Dismissal of lawsuits</u>.  The parties agree that this is a global settlement of the Instant Complaints. Execution of this Agreement by Employee, Employee's counsel, and counsel for the Employer shall constitute a dismissal of this action with prejudice, effective upon approval by the Court, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. The parties further agree that this Settlement Agreement and Dismissal shall not be filed with the Court until at least eight (8) days after execution by the Employee.  The Employee further agrees that this Agreement automatically operates as the withdrawal, with prejudice, and release of any and all other pending formal and informal complaints, including but not limited to claims for age discrimination and claims under the Age Discrimination in Employment Act, grievances, requests for investigation, requests for Congressional inquiries, claims under other administrative procedures, appeals, or lawsuits against the Employer, or any of its current

or former employees, that are or may be based upon the facts of his employment with the Employer.

  ii. **Covenant Not To Sue**. Employee covenants and agrees that he will not now or in the future bring any suit or administrative proceeding against Employer with respect to any matter covered by or that could arise from the Instant Complaints, other than an action to enforce Employee's rights under this Agreement.

  3. **General Release and Waiver by the Parties**.

 a. Employee, for him and his heirs, executors, administrators, successors and assigns, hereby releases and forever discharges Employer, and its successors, assigns, agents, representatives and employees, from any and all claims and demands of any kind set forth in or related to the Instant Complaints, including, but not limited to:

  i. all claims arising out of, related to or connected in any way with Employer's alleged discrimination and alleged retaliation against Employee (but not including any claim for payment pursuant to or for breach of this Agreement);

  ii. all claims of race, color, sex, disability, religion, national origin, political affiliation, marital status, personal appearance, sexual orientation, matriculation,

-5-

family responsibilities or other types of discrimination or retaliation; and

iii. all claims for age discrimination and claims under the Age Discrimination in Employment Act.

b. Employer, including the Department of Justice and its constituent agencies, hereby releases and forever discharges Employee, and his successors, heirs, assigns, agents, and representatives from any and all claims and demands of any kind set forth in or related to the Instant Complaints.

This Agreement does not waive or release any claims which may arise after the date that Employee signs this Agreement.

4. <u>No Admission of Liability</u>. Execution of this Agreement shall not constitute a finding by the Court or an admission by the Employer that it violated the any laws or regulations as alleged in the Instant Complaints, or that there was any wrongful conduct whatsoever. The Employer denies that any of its agents, servants, or employees violated any laws or regulations as alleged in the Instant Complaints, or that there was any wrongful conduct whatsoever.

5. <u>Knowing and Voluntary Waiver of Rights and Claims</u>. Plaintiff is informed and advised that he has a twenty-one (21) day time period within which to consult with his

-6-

counsel and to consider the release provided for in this Settlement Agreement and Dismissal. Plaintiff is informed and understands that he has seven (7) days following the execution of this Settlement Agreement and Dismissal in which to revoke his release of claims. Plaintiff acknowledges that he fully understands this Settlement Agreement and Dismissal, and that he enters into it knowingly and voluntarily in exchange for valuable consideration. Plaintiff is advised to consult with an attorney before signing this Settlement Agreement and Dismissal. Plaintiff agrees and represents that he has thoroughly considered all aspects of this Settlement Agreement and Dismissal, that he is represented by and has consulted with an attorney with respect thereto, and that he is knowingly and voluntarily entering into the Settlement Agreement and Dismissal.

7. <u>Governing Law</u>. The Court shall retain jurisdiction to enforce the terms of this Agreement.

8. <u>Entire Agreement</u>. The parties hereto acknowledge that this Agreement sets forth their full and complete understanding with regard to the resolution of the above-captioned civil actions and the claims raised therein. By executing this Agreement, the parties further acknowledge that

they each understand its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed by any party beyond those set forth herein; that such terms are final and binding as to all claims related to the Instant Complaints that have been brought or could have been advanced on behalf of Employee against Employer; and that the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any other case. The terms of this Agreement may not be altered, amended, changed, supplemented, or modified in any manner or degree except by a written instrument signed by each of the parties hereto.

Dated:

_____
Robert T. Core, Plaintiff

Dated: 03/09/07

_____
Thomas Owen Mason, D.C. #460408
Rachel Semanchik, D.C #MD26511
Williams Mullen, P.C.
8270 Greensboro Drive, Ste. 700
(703) 760-5200

Counsel for Plaintiff

Dated:

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

-8-

/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR 434122
Assistant United States Attorney

/s/ John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0406

Anne M. Gulyassy
Deputy General Counsel
Federal Bureau of Investigation

Attorneys for Defendant

SO ORDERED, on this 26 day of March, 2007.

UNITED STATES DISTRICT COURT JUDGE